IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| BRIAN MCVEY, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:10-CV-359-A |
| | § | |
| BAY AREA CREDIT SERVICE, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by defendant, Bay Area Credit Service. Having considered the motion and the response of plaintiff, Brian McVey, the court concludes that the motion should be granted.

I.

Plaintiff's Claims and Defendant's Motion

Plaintiff filed the instant action on May 19, 2010, alleging violations by defendant of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692 et seq. The only factual allegations in the complaint are set forth below in their

1

entirety:

> 11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.
>
> 12. Defendant calls Plaintiff from 855-515-3445 and requests return calls to 866-515-3445.
>
> 13. Defendant often calls Plaintiff multiple times per week.

Compl. at 2.

In the motion to dismiss, defendant argues that plaintiff's allegations fail to state a claim under the FDCPA because they are nothing more than broad, conclusory allegations devoid of specific facts.

II.

## Applicable Legal Principles

The standards for deciding a motion to dismiss for failure to state a claim are well-settled. The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court said that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. However, the Supreme Court has held that it did not quite mean its "no set of facts" statement in Conley. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-63 (2007) (stating that the Conley "no set of facts" statement "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival," at 563).[1]

In evaluating whether the complaint states a viable claim, the court construes the allegations of the complaint favorably to the pleader. Scheuer, 416 U.S. at 236. However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. Bell Atl. Corp., 550 U.S. at 555; Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). On a motion to dismiss for failure to state a claim, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

---

[1] This is the standard upon which plaintiff relies, without any reference to, or acknowledgment of, the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

III.

Analysis

One of the purposes of the FDCPA is to eliminate the use of abusive, deceptive, and unfair debt collection practices by debt collectors. 15 U.S.C. § 1692(e). Specifically, subsection 1692d, the provision allegedly violated by defendant, provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The statute then provides the following non-exhaustive list of conduct that may violate § 1692d:

> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.
>
> (4) The advertisement for sale of any debt to coerce payment of the debt.
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d. As an initial matter, plaintiff's second allegation, that defendant calls from one number while requesting return calls to another number, is not within any of the enumerated violations set forth above, nor has plaintiff directed the court to any authority showing that such an action violates § 1692d.

The remaining factual allegations are that defendant "constantly and continuously places collection calls," which plaintiff alleges is for the purpose of "seeking and demanding payment for an alleged debt," and that defendant "often calls Plaintiff multiple times per week." Compl. at 2. Thus, the sum of plaintiff's allegations are that defendant often calls plaintiff multiple times per week seeking payment of an alleged debt.

Nothing in the FDCPA prohibits a debt collector from contacting a debtor for the purpose of collecting a legitimate debt.[2] Instead, Congress, in passing the FDCPA, recognized the

---

[2] Plaintiff does not allege that he does not owe the debt or that he has fully paid the debt.

need to protect consumers against "collection abuse" that included:

> obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process.

S. Rep. No. 95-382, 95th Cong., 1st Sess., reprinted in 1977 U.S. Code Cong. & Admin. News 1695, 1696. Thus, courts have found conduct to violate § 1692d where the debt collector:

- made calls to debtors before 8:00 a.m. and after 9:00 p.m.; made calls to the debtor's place of employment after being told not to do so by the debtor or employer; and used racial slurs, belligerent threats, profanity, and terms such as liar, deadbeat, and crook in communications with debtors and their relatives, United States v. Central Adjustment Bureau, Inc., 667 F. Supp. 370, 375-377 (N.D. Tex. 1986);

- made fifty-four calls to a debtor's workplace and left twenty-four messages on the workplace answering machine, Sanchez v. Client Servs., Inc., 520 F. Supp. 2d 1149 (N.D. Cal. 2007);

- immediately called the debtor back after the debtor hung up on the debt collector, Chiverton v. Fed. Fin. Group, Inc., 399 F. Supp. 2d 96, 101 (D. Conn. 2005); Kuhn v. Account Control Tech., Inc., 865 F. Supp. 1443, 1453 (D. Nev. 1994); Bingham v. Collection Bureau, Inc., 505 F. Supp. 864, 873 (D.N.D. 1981).

In addition, commentary published by the Federal Trade Commission interpreting the FDCPA defines the term "repeatedly" as "calling with excessive frequency under the circumstances," and "continuously" to mean "taking a series of telephone calls, one right after the other." <u>Federal Trade Commission Staff Commentary on the Fair Debt Collection Practices Act</u>, Fed. Reg. 50097 et seq., 1998 WL 269068, at *501106. Plaintiff alleges no facts describing the types of conduct found by other courts to violate the FDCPA, nor does he allege conduct that would appear to have occurred "repeatedly" or "continuously," as those terms are defined by the Federal Trade Commission.

Plaintiff, in his response, relies on <u>Townsend v. Chase Bank USA N.A.</u>, 2009 WL 426393 (C.D. Cal. Feb. 15, 2009), for the proposition that "specific facts are not necessary; the statement need only 'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" Pl.'s Resp. at 6 (internal quotation marks and ellipsis in original).[3] Plaintiff's reliance on <u>Townsend</u> is curious: the <u>Townsend</u> court granted the defendant debt collector's motion to dismiss the

---

[3] Plaintiff also relies on a case from the Seventh Circuit Court of Appeals, which considered a different provision of the FDCPA as it applied to written correspondence, and thus is inapposite to the instant action.

plaintiff's FDCPA claims pursuant to § 1692 because the plaintiff had failed to plead those claims with particularity by failing to allege "specific instances of communications violating the FDCPA," including failing to identify the person making the communications, or the dates and contents of the communications. Id. at *2. Plaintiff has alleged no specific instances of communications that allegedly violated the FDCPA and has alleged even fewer facts than the plaintiff in Townsend. Thus, even under the authority cited by plaintiff, he has failed to state a claim for relief under the FDCPA.

The court concludes that the three statements alleged as "factual allegations" in the complaint constitute nothing more than the type of "threadbare recitals" and "conclusory statements" that fail to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct. 1937, 1940 (2009); see also Amaya v. Pollack & Rosen, P.A., 2010 WL 724451 (S.D. Fl. Feb. 25, 2010) (granting motion to dismiss FDCPA claims based on 15 U.S.C. § 1692d(5)). While the court recognizes that plaintiff need not provide detailed allegations, plaintiff's factual allegations allege no facts as

would raise his right to relief above the speculative level. Bell Atl. Corp., 550 U.S. at 555.

IV.

Order

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that all claims asserted by plaintiff, Brian McVey, against defendant, Bay Area Credit Service, be, and are hereby, dismissed with prejudice.

SIGNED July 26, 2010.

JOHN McBRYDE
United States District Judge